UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DWAYNE H. NANCE,

        Plaintiff,

    v.                              22-CV-447-LJV
                                        DECISION & ORDER

DENIS R. MCDONOUGH and FRANK RIGGI,

        Defendants.
_____

On June 13, 2022, the pro se plaintiff, Dwayne H. Nance, commenced this action under Title VII of the Civil Rights Act of 1964, the Whistleblower Protection Act, and New York State law.  Docket Item 1.  On March 11, 2025, this Court issued a decision and order granting defendant Denis R. McDonough's motion to dismiss and dismissing Nance's remaining claims for lack of subject matter jurisdiction.  Docket Item 34.

On May 1, 2025, Nance moved for an extension of time to appeal the March 11 order based on issues with his mailing address.  See Docket Item 38.  Neither McDonough nor the other defendant named in this action, Frank Riggi, opposed Nance's motion, and the time to do so has passed.  See Loc. R. Civ. P. 7(b)(2)(B).

For the reasons that follow, the Court grants Nance's motion.

## **DISCUSSION**

Generally, a notice of appeal "must be filed . . . within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  But a district court "may extend the time to file a notice of appeal if: (i) [the appealing] party so moves no later

than 30 days after the time prescribed by . . . Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause" for his failure to timely appeal. Fed. R. App. P. 4(a)(5)(A). Here, Nance's motion for an extension of time to appeal was timely: He had 60 days after the March 11 order was issued to move for an extension of time to appeal that order, and he filed his motion within that period. *See* Docket Items 34 and 38. So the Court may grant his motion if he has shown excusable neglect or good cause.

As the Second Circuit has explained, "'[t]he good cause and excusable neglect standards have different domains' and are 'not interchangeable.'" *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (some internal quotation marks omitted) (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). That is, "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). "The 'good cause' standard, in contrast, 'applies in situations in which there is no fault—excusable or otherwise,' such as when 'the Postal Service fails to deliver a notice to appeal.'" *Id.* (emphasis omitted) (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). "In no-fault circumstances, 'good cause' is the appropriate standard because '[i]t may be unfair to make . . . a movant prove that its neglect was excusable, given that the movant may not have been neglectful at all.'" *Id.* (alterations in original) (some internal quotation marks omitted) (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments).

It is not entirely clear to the Court whether Nance was at all to blame for his lateness. Nance does not fully explain the "problem with [his] mailing address": He does not say whether the Postal Service simply failed to deliver his mail or whether he was responsible for his mailing issues. *See* Docket Item 38. But regardless—that is, even if "the need for an extension result[ed] from factors within [Nance's] control"—he has shown excusable neglect. *See Alexander*, 5 F.4th at 142.

Courts consider four factors when evaluating whether a movant has shown excusable neglect:

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 148 (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The burden of proving excusable neglect lies with the late[ ]claimant." *Id.* (quoting *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005)).

Here, the first factor is, at worst, neutral: Because neither defendant opposed Nance's request, "there is nothing to suggest prejudice to th[os]e defendant[s]." *See Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004). The second factor favors Nance. The length of the delay—just three weeks—is unlikely to have an impact on the judicial proceedings, which have concluded in this Court and will be reopened only if the Second Circuit reverses the March 11 order.

Finally, the third and fourth factors both weigh in favor of granting Nance's motion. As noted above, Nance says that he failed to file a timely notice of appeal due to "a problem with [his] mailing address." Docket Item 38 at 1. Indeed, the copy of the

3

March 11 order that this Court sent to Nance was returned as undeliverable on April 7, 2025. Docket Item 36. The next day, a clerk's office employee spoke with Nance, corrected his mailing address, and sent a copy of the decision to that corrected address; nonetheless, that mail, too, was returned as undeliverable. *See* Docket Item 37. Nance moved for an extension of time to appeal about two weeks later.

In light of Nance's attempts to correct his address—and the apparent issue with his mail, which was not fully resolved despite the efforts of Nance and the clerk—the Court finds that the cause of the delay was reasonably beyond Nance's control and that he acted in good faith. *See Alexander*, 5 F.4th at 148; *see also Piper v. Smith*, 2011 WL 1458506, at *1 (S.D.N.Y. Apr. 11, 2011) (holding that because petitioner "did not receive a copy of the [court's order] until . . . several days after the period in which he was entitled to file a notice of appeal had expired," he had "shown good cause or excusable neglect").

For all those reasons, Nance's motion is granted.

## **CONCLUSION**

Nance's motion for an extension of time to appeal, Docket Item 38, therefore is GRANTED. He shall file a notice of appeal within 14 days of the date of this order.[1]

---

[1] *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this [r]ule . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.")

SO ORDERED.

Dated:   August 11, 2025
         Buffalo, New York

                                                   */s/ Lawrence J. Vilardo*
                                                   LAWRENCE J. VILARDO
                                                   UNITED STATES DISTRICT JUDGE